UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**ROBERT LEE WRIGHT**                    NO: 5:14-cv-0786

**VERSUS**                                JUDGE HICKS

**CHARLES MICHAEL SMITH,**                MAGISTRATE JUDGE HORNSBY
**IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITIES, JODY LEVINE, IN HER**
**INDIVIDUAL AND OFFICIAL CAPACITIES,**
**AND HONORABLE STEVE PRATOR, IN**
**HIS OFFICIAL CAPACITY AS THE DULY**
**ELECTED SHERIFF OF CADDO PARISH**

## ANSWER

NOW INTO COURT, through undersigned counsel, come defendants, Caddo Parish Sheriff Steve Prator, Charles Michael Smith, and Jody Levine and in answer to the Complaint of plaintiff deny each and every allegation contained therein, except such as may be hereinafter specifically admitted, and without waiving any motions, exceptions, or defenses, reply to the separately numbered paragraphs of the Complaint as follows:

1.

The allegations contained in paragraph 1 of the Complaint are admitted.

2.

The allegations contained in paragraph 2 of the Complaint are admitted.

3.

The allegations contained in paragraph 3 of the Complaint are admitted that plaintiff entered the Caddo Parish Courthouse on March 21, 2013.  The remaining allegations contained in paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of the Complaint are denied as stated.

5.

The allegations contained in paragraph 5 of the Complaint are admitted that Deputy Jody Levine allowed plaintiff to enter the building.  The remaining allegations contained in paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of the Complaint are denied.

7.

The allegations contained in paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in paragraph 8 of the Complaint are admitted that an arrest warrant was issued and the bond was initially set at $250,000.  The remaining allegations contained in paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of the Complaint are denied as stated.

12.

The allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in paragraph 17 of the Complaint are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

To the extent that plaintiff incorporates herein, as if set out in full the allegations of paragraphs 1-18, defendants incorporate defendants' responses to same as if reproduced herein.

20.

The allegations contained in paragraph 20 of the Complaint are denied.

21.

To the extent that plaintiff incorporates herein, as if set out in full the allegations of paragraphs 1-20, defendants incorporate defendants' responses to same as if reproduced herein.

22.

The allegations contained in paragraph 22 of the Complaint are denied.

23.

To the extent that plaintiff incorporates herein, as if set out in full the allegations of paragraphs 1-22, defendants incorporate defendants' responses to same as if reproduced herein.

24.

The allegations contained in paragraph 24 of the Complaint are admitted that Defendant Levine and Defendant Smith were employed by Caddo Parish Sheriff Steve Prator and were acting in the course and scope of their employment.  The remaining allegations contained in paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in paragraph 25 of the Complaint are denied.

26.

To the extent that plaintiff incorporates herein, as if set out in full the allegations of paragraphs 1-25, defendants incorporate defendants' responses to same as if reproduced herein.

27.

The allegations contained in paragraph 27 of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

28.

The Complaint fails to state a claim upon which relief can be granted.

29.

Any injuries suffered by plaintiff as a result of the acts of which plaintiff complains, which are denied, occurred as a direct result of plaintiff's own negligence or acts or omissions, including his failure to cooperate with deputies. Any injuries to plaintiff were attributable to his own fault and negligence and any award to plaintiff should be reduced in proportion to the degree or percentage of fault or negligence attributable to plaintiff in accordance with the principles of comparative negligence and the laws of the State of Louisiana.

30.

All actions of the individual deputies were taken based upon a good faith belief in the correctness and legality of such actions and were further based on the existence of

reasonable grounds for that belief at the time and in light of all circumstances. Accordingly, the individual defendants are entitled to qualified immunity.

31.

There was no policy or custom established by the Caddo Parish Sheriff's Office upon which to base any municipal liability.

32.

To the extent plaintiff is seeking recovery for defamation, defendants affirmatively plead the qualified privilege that statements made between employees made within the course and scope of their employment do not constitute publication for the purpose of defamation.

33.

To the extent plaintiff is seeking recovery for defamation, any statements made by defendants were made in good faith, and the defendants had reasonable grounds to believe in the truth of each and every statement.  Each statement was made without malice on the basis of probable and reasonable cause without intent to harm or damage plaintiff.

34.

Defendants plead the immunities and limitations of liability for public bodies and officials set forth in the applicable Louisiana statutes, specifically including La. R.S. 13:5106 and La. R.S. 13:5112.

35.

Defendants further plead the immunities and limitations of liability for public bodies and officials pursuant to La. R.S. 9:2798.1.

WHEREFORE, defendants, Caddo Parish Sheriff Steve Prator, Charles Michael Smith, and Jody Levine, pray that this answer be deemed good and sufficient and that after due proceedings had there be judgment in favor of the defendants rejecting the demands of plaintiff, dismissing this suit with prejudice at plaintiff's cost.

DEFENDANTS FURTHER PRAY for all orders and decrees necessary in the premises and for full, general and equitable relief.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.

    S//Graham H. Todd
Edwin H. Byrd, III   #19509
Graham H. Todd   #34791
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Ph. (318) 221-1800  Fax (318) 226-0390

ATTORNEYS FOR DEFENDANTS,
CADDO PARISH SHERIFF STEVE PRATOR,
CHARLES MICHAEL SMITH, AND JODY
LEVINE

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing was this date filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system.

Signed in Shreveport, Louisiana on this 25th day of April, 2014.


            /s/ Graham H. Todd
            OF COUNSEL