UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT LEE WRIGHT                     CIVIL ACTION NO. 14-cv-0786

VERSUS                                JUDGE HICKS

STEVE PRATOR, ET AL                   MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Robert Lee Wright ("Plaintiff"), represented by attorney Pamela Jones, filed suit in state court against Sheriff Steve Prator and two of his deputies based on allegations that Plaintiff was wrongfully arrested for false impersonation of a police officer. Defendants removed the case based on Plaintiff's assertion of a federal claim. A few weeks later, Plaintiff's attorney filed a Motion to Withdraw (Doc. 6) in which she represented that Plaintiff had been notified by certified mail of the requested withdrawal and all upcoming deadlines and obligations in the lawsuit.

The court issued an order that granted the Motion to Withdraw and strongly encouraged Plaintiff to retain new counsel. He was granted until June 30, 2014 to either (1) enroll new counsel to represent him or (2) file with the court a written statement signed by him in which he states that he intends to represent himself. Plaintiff was warned that failure to take one of those steps by the deadline could result in his case being dismissed for failure to prosecute. The docket information indicates that a copy of the order was mailed to Plaintiff at the address provided by his counsel, and the mail was not returned.

The June 30, 2014 deadline has passed, but there has been no action of record by Plaintiff or an attorney acting on his behalf. The court provided ample time for Plaintiff to secure new counsel or indicate his desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of July, 2014.

Mark L. Hornsby
U.S. Magistrate Judge